# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 26-05003-01-CR-SW-RK |
| **TRENTON DAVID FICKLE,** | |
| **Defendant.** | |

## MOTION FOR DETENTION

Comes now the United States of America, by and through its undersigned counsel, and hereby moves this Court to order the detention of defendant Trenton David Fickle, and moves for pretrial detention of the Defendant, pursuant to 18 U.S.C. § 3142(e) and (f) for the following reasons:

1. **Eligibility of Case.** This case is eligible for a detention order because this case involves (check all that apply):

    ☐ Crime of violence (18 U.S.C. § 3156(a)(4)), under 18 U.S.C. § 3142(f)(1)(A).

    ☐ A violation of 18 U.S.C. § 1591, under 18 U.S.C. § 3142(f)(1)(A).

    ☐ Crime of Terrorism (18 U.S.C. § 2332b (g)(5)(B)) with a maximum sentence of ten years or more, under 18 U.S.C. § 3142(f)(1)(A).

    ☐ Crime with a maximum sentence of life imprisonment or death, under 18 U.S.C. § 3142(f)(1)(B).

    ☐ Drug offense with a maximum sentence of ten years or more, under 18 U.S.C. § 3142(f)(1)(C).

    ☐ Felony offense and defendant has two prior convictions as described in 18 U.S.C. §3142(f)(1)(A) and (C), or two State convictions that would otherwise fall within 18 U.S.C. §3142(f)(1)(A) and (C) if federal jurisdiction had existed, under 18 U.S.C. § 3142(f)(1)(D).

☐ Felony offense involving a minor victim other than a crime of violence, under 18 U.S.C. § 3142(f)(1)(E).

X Felony offense, other than a crime of violence, involving possession or use of a firearm, destructive device (as those terms are defined in 18 U.S.C. § 921), or any other dangerous weapon, under 18 U.S.C. § 3142(f)(1)(E).

☐ Felony offense other than a crime of violence that involves a failure to register as a Sex Offender (18 U.S.C. § 2250), under 18 U.S.C. § 3142(f)(1)(E).

☐ Serious risk the defendant will flee, under 18 U.S.C. § 3142(f)(2)(A).

☐ Serious risk of obstruction of justice, including intimidation of a prospective witness or juror, under 18 U.S.C. § 3142(f)(2)(B).

2. **Reason for Detention.** The Court should detain defendant because there are no conditions of release which will reasonably assure (check both):

X Defendant's appearance as required.

X Safety of any other person and the community.

3. **Additional Factors for Consideration.**

In April 2025, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") began an investigation into Trenton FICKLE ("FICKLE") and his girlfriend, M.K., for possible firearm trafficking after being alerted to several suspicious firearm traces and multiple sales report. Those firearms traces included the following:

- A Glock pistol was purchased by FICKLE on December 23, 2024. 49 days after purchase, the firearm was recovered during a law enforcement contact with Trey Giles and Trejuane Washington. Giles was affiliated with the All Family No Friends ("AFNF") gang. Giles later became an ATF defendant in a federal firearm investigation and was charged in federal court with possession of illegal firearms. *See United States v. Trey Giles*, 25-03023-01-CR-S-SRB.
- An FNH pistol was purchased by FICKLE on February 13, 2025. 52 days after purchase, the firearm was recovered in El Paso, Texas, by Immigration and Customs Enforcement (ICE") in relation to a weapons offense.
- M.K. purchased a DPMS rifle on July 9, 2023. On April 4, 2024, the firearm was traced by the Madison, Wisconsin, Police Department ("MPD"). MPD traced the firearm after finding a photograph of the firearm on a cellular phone associated with a murder suspect.

- M.K. purchased a Glock pistol on May 12, 2023. 160 days after purchase, the firearm was recovered by the Kansas City, Kansas, Police Department. The firearm was recovered in connection with the arrest of a known fentanyl trafficker.

The ATF began monitoring Armlist.com and Facebook for firearms listed for sale by FICKLE and found posts by FICKLE listing firearms for sale. Using the information from those listings, ATF made arrangements to buy firearms from FICKLE.

On May 21, 2025, an ATF undercover employee ("UC") met FICKLE at the Wal-Mart, located in Carthage, Missouri, to purchase firearms from FICKLE. When FICKLE arrived at Wal-Mart, FICKLE exited his vehicle and presented a black pistol case to the UC. The case contained a Glock, Model 47 (frame/receiver), aftermarket Glock style slide, 9mm pistol, bearing serial number BZXL489 equipped with a high-capacity magazine, and a Taurus, G3, 9mm pistol, bearing serial number AGM632747. FICKLE proceeded to sell/transfer the firearm to the UC. During the encounter, the UC smelled an odor consistent with marijuana about FICKLE's person.

FICKLE indicated that he was active in Facebook groups where he was involved in the trading of firearms. He stated that when he has a "higher end" firearm, he typically lists it on Armslist.com.

The UC agreed to purchase the two pistols from FICKLE. As they began counting money, the UC told FICKLE that they did not want their name associated with the purchase or documented, and FICKLE advised it would not be. The UC presented themselves as a convicted felon and advised that they had been previously arrested for tampering with a motor vehicle and domestic assault. The UC advised that they had pled guilty to a tampering charge saying, "My attorney talked me into pleading to a felony tampering . . . I can't go to a store and buy a gun." FICKLE responded, "Works for me . . . sounds good." After the exchange of money, the UC took control of the pistols.

On June 10, 2025, the UC again met with FICKLE, this time at the Flying J Truck Stop in Joplin, Missouri. The UC purchased the following firearms from FICKLE for a total of $1,300: (1) a Spike's Tactical, ST15, multi-caliber rifle, bearing serial number VK011256; and (2) a Walther, PDT F-Series, 9mm caliber pistol, bearing serial number 15185GA.

On July 23, 2025, the ATF obtained a federal search warrant to obtain the content associated with Trenton FICKLE's Facebook. On August 3, 2025, Facebook returned the warrant with the data requested.

A review of the contents revealed communication, via Facebook Messenger, between FICKLE and others in which FICKLE was arranging the sale of firearms and firearm parts including machinegun conversion devices ("MCD") and suppressors, and narcotics, that occurred between January 2023 and November 2023. Specifically, he communicated with at least eight individuals regarding the sales of MCDs. In one conversation that occurred on July 20, 2023, FICKLE appeared to be willing to sell a firearm to an individual despite that individual describing himself as a "5 time felon[.]"

Between February 12, 2024, and September 2, 2025, FICKLE himself purchased at least 22 firearms from an FFL, on 20 separate occasions.

On September 10, 2025, the ATF executed a federal search warrant on FICKLE's residence. At 9:30 a.m., prior to the execution of the search warrant, Carthage, Missouri, Police Department ("CPD") contacted FICKLE during a traffic stop in the parking lot of Liberty Tree Guns, 530 West Fir Road, Carthage, Missouri. FICKLE had a Glock pistol on his person, and a Griffin Armament, pistol and ammunition was located in FICKLE's vehicle.

FICKLE was interviewed by an ATF agent. FICKLE was asked about his marijuana use and FICKLE stated he had smoked marijuana "early this morning." He stated that smoking marijuana in the morning was a normal routine, and he had smoked marijuana his "whole life." He stated that there was probably a half ounce of marijuana in his house.

FICKLE was asked about his relationship with Landon Laurence. Laurence pled guilty to possession of a firearm by an unlawful user of a controlled substance and possession or transfer of a machinegun in the United States District Court for the Western District of Missouri, in Case No. 24-05004-01-CR-SW. FICKLE indicated that he and Laurence were friends, and stated, "I obviously knew what he did." FICKLE added that Laurence ordered a bunch of "Glock switches" (machinegun conversion devices "MCDs") and FICKLE, "helped him get a hold of people." FICKLE stated that he thought Laurence sold more than ten MCDs, and FICKLE was personally involved in "five or six" sales. FICKLE believes these sales occurred over a year around 2023.

FICKLE also admitted that he assisted Laurence in selling "Percs," and provided the pills to customers if Laurence was not available. When asked if he carried a firearm during those transactions, FICKLE said that he always carried guns and likely had firearms with him during the drug transactions.

When asked about firearm sales, FICKLE claimed that he did not "go out of [his] way" to sell firearms after he purchased them and added that he had a "genuine love" for guns. He denied any straw purchasing firearms but admitted that he would have M.K. purchase firearms for him before he turned 21 years old, specifically noting that he had M.K. purchase AR receivers for him. FICKLE claimed he "middle manned" some firearm transactions but only for private sales.

When asked about providing guns to prohibited people, he claimed he did not sell guns to people who were prohibited and that he tried to deal with legal people, but he could not think of any specific prohibited person he sold to.

FICKLE acknowledged that he knew marijuana was illegal under federal law. When discussing the ATF Form 4473 warning that a person who was an unlawful user of or addicted to marijuana could not possess a firearm, FICKLE claimed that he thought it only applied to those who were addicted to marijuana and that he did not "stay high all the time."

FICKLE said that he dealt mostly in cash during the firearm and fentanyl sales, but that he also used M.K.'s CashApp for some of the transactions.

When ATF searched FICKLE's home they found multiple firearms, firearm magazines, ammunition, a silencer, and over 100 grams of marijuana.

In December 2025, an ATF SA reviewed financial records from Block Incorporated which detailed the CashApp transactions for M.K. for the time period between January 3, 2023, and January 29, 2025. The SA found transactions in the CashApp account that were consistent with the conversations FICKLE was having via Facebook regarding narcotics and firearm transactions.

Specifically, on January 9, 2025, M.K.'s CashApp received a payment of $850 from E.I. There were corresponding Facebook messages that began on December 19, 2024, through January 9, 2025. The messages began with E.I. asking about the price of an "AK." Later, E.I. sent a message that said, "Make me something bro . . . Or some 1911 . . . Guns w suppressors." FICKLE later responded he is no longer involved with suppressors but E.I. continue to press for FICKLE to find one. On December 22, 2024, E.I. sent a message that said, "Full size…And try as hard as you can find a suppressor bro…I got you." FICKLE responded, "I'll see what's up bro. Ill ask some ppl but no promises on1 those and idek what the price ill be if I do fin 1 but Ill lyk whats up. Ik I can fs find a fullsize ak tho." On January 7, 2025, FICKLE sent E.I. images of two AR-style rifles and a pistol. One of the rifles was identified as a Matrix Aerospace, MS556-SC, multi-caliber rifle. The pistol was identified as a Springfield Armory, XD-40, .40 caliber pistol. E.I. said he was interested in those firearms.

The continued messages demonstrated that E.I. and FICKLE met at the Northpark Mall in Joplin, Missouri. Some of the messages appeared to be sent real time and coincided with E.I. sending Knight's Cashapp account $850. When E.I. let FICKLE know he had arrived at the parking lot, E.I. sent an image from inside the vehicle depicting the parking lot. The image also depicted a document in the vehicle's visor showing part of an address was consistent with E.I.'s known address. A criminal history check of E.I. showed that he was a convicted felon.

The SA reviewed Form 4473s from Liberty Tree Guns, a FFL, which reflected that between February 14, 2024 and October 28, 2024, FICKLE purchased six firearms from that FFL.

The SA reviewed Form 4473s from Rayzor's Edge Tactical, a FFL. Those records reflected that between March 2024, and December 2024, FICKLE purchased six firearms from that FFL.

The SA reviewed Form 4473 from Joplin Centerfire, a FFL. Those records reflected that between March 2024 and May 2025, FICKLE purchased eleven firearms from that FFL. Specifically, on May 30, 2025, FICKLE purchased a Spike's Tactical, ST15, multi-caliber receiver, bearing serial number VK011256. This firearm was completed and sold to the UC eleven days later on June 10, 2025.

In each of the Form 4473s FICKLE was asked in Question 21.a., "Are you the actual

transferee/buyer of all of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)? **Warning: You are not the actual transferee/buyer if you are acquiring any of the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer any of the firearm(s) to you.**" FICKLE answered, "No." Question 21.f asked, "Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance? **Warning**: The use or possession of marijuana remains unlawful under Federal law regardless of whether it has been legalized or decriminalized for medicinal or recreational purposes in the state where you reside." FICKLE answered, "No." Right above where FICKLE signed his name and provided the certification date, Form 4473 read, "**I certify that my answers in Section B are true, correct, and complete. I have read and understand the Notices, Instructions, and Definitions on ATF Form 4473. I understand that answering "yes" to question 21.a. if I am not the actual transferee/buyer is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I understand that a person who answers "yes" to any of the questions 21.b. through 21.l. as well as 21.n. is prohibited from receiving, possessing, or purchasing a firearm. I understand that a person who answers "yes" to question 21.m.1. is prohibited from receiving or possessing a firearm, unless the person answers "yes" to question 21.m.2. and provides the documentation required in 26.d. I also understand that making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to this transaction, is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I further understand that the repetitive purchase of firearms for the purpose of resale to predominantly earn a profit without a Federal firearms license is a violation of Federal law**."

4. **Time for Detention Hearing.** The United States requests the Court conduct the detention hearing:

☐ At the initial appearance.

X After a continuance of 3 days.

WHEREFORE, based on the foregoing, the United States requests that the Court hold a Detention Hearing in accordance with 18 U.S.C. § 3142(f), and following such hearing, order the detention of the defendant in accordance with 18 U.S.C. § 3142(e).

Respectfully submitted,

R. MATTHEW PRICE
United States Attorney

By: *Stephanie L. Wan*
Stephanie L. Wan
Assistant United States Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on the 30th day of January, 2026, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing will be hand-delivered to the defendant at his first appearance before a judicial officer.

*/s/ Stephanie L. Wan*

Stephanie L. Wan
Assistant United States Attorney